IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SOLVAY CHEMICALS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 07-343-*** |
| ) | |
| OCI CHEMICAL CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT OCI CHEMICAL CORPORATION'S
## ANSWER, COUNTERCLAIM, AND DEMAND FOR JURY TRIAL

Defendant OCI Chemical Corporation ("OCI") hereby submits this answer to the May 29, 2007 complaint (the "Complaint") filed by Solvay Chemicals, Inc. ("Solvay"), along with OCI's defenses, counterclaim, and demand for jury trial. To the extent not specifically admitted in the following paragraphs, the allegations of the Complaint are denied.

### SUBJECT MATTER JURISDICTION AND VENUE

1. OCI admits that Solvay alleges an action for patent infringement, but OCI denies any liability for the alleged patent infringement. OCI admits that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338(a).

2. OCI admits that venue in this district is proper under 28 U.S.C. § 1391.

### PARTIES

3. OCI admits that Solvay is a Delaware corporation with its principal place of business in Houston, Texas.

4. OCI admits that it is a Delaware corporation with its principal place of business in Shelton, Connecticut.

5. OCI admits that United States Patent 6,482,385 (the "'385 patent") is entitled "Sodium Percarbonate and Process for Producing Sodium Percarbonate." OCI admits that the '385 patent issued on November 19, 2002. OCI admits that a copy of the '385 patent is appended to the Complaint. On its face, the '385 patent indicates that its owner by assignment is Solvay Interox (Societe Anonyme). On information and belief, OCI denies that Solvay Chemicals, Inc. is the owner by assignment.

6. OCI admits that it makes and sells sodium percarbonate. OCI denies that it has infringed, willfully or otherwise, any valid and/or enforceable claim of the '385 patent.

7. OCI admits that Solvay has given it written notice of alleged infringement of the '385 patent.

8. OCI denies the allegations of Paragraph 8.

9. OCI denies the allegations of Paragraph 9.

## AFFIRMATIVE DEFENSES

10. On information and belief, plaintiff Solvay Chemicals, Inc. lacks standing to bring this action, inasmuch as the owner by assignment of the '385 patent, as indicated on the face of the patent, is Solvay Interox (Societe Anonyme).

11. Each claim of the '385 patent is not infringed and/or is invalid.

12. Each claim of the '385 patent is unenforceable because of inequitable conduct during the prosecution of the '385 patent by two of the inventors, Graham R. Horne and Alun P. James.

13. A published patent application, WO 95/15292 (the "WO '292 application"), was published by the World Intellectual Property Organization on June 8, 1995. The WO '292 application is prior art to the '385 patent.

14. The uncoated sodium percarbonate C2, described in the WO '292 application, either anticipates or renders obvious Claim 1 of the '385 patent.

15. In deciding whether to issue the '385 patent, a reasonable examiner would have wanted to know about the WO '292 application.

16. The named inventors on the WO '292 application were Messrs. Horne and James.

17. During prosecution of the '385 patent, both Mr. Horne and Mr. James were aware of the contents of the WO '292 application.

18. In violation of the duty of disclosure which Messrs. Horne and James owed to the U.S. Patent and Trademark Office, the WO '292 application was never disclosed to the Examiner during the prosecution of the '385 patent.

19. Moreover, the inventors' attorney incorrectly maintained that the heat emission values required by the '385 patent claims "can only be achieved through the process of the present invention." *Request for Reconsideration After Final Rejection* at 4 (Oct. 5, 2000).

20. However, both Mr. Horne and Mr. James knew, or should have known, that this statement was incorrect, because sodium percarbonate having a heat emission value encompassed within the '385 patent claims was described in the prior art WO '292 application (or would have been obvious from the disclosure of the WO '292 application).

21. Before the Complaint was filed, OCI explained to Solvay, in writing, why the '385 patent was unenforceable and how the patent had been procured through inequitable conduct.

## COUNTERCLAIM

## THE PARTIES

22. OCI is a Delaware corporation with its principal place of business in Shelton, Connecticut.

23. Solvay is a Delaware corporation with its principal place of business in Houston, Texas.

24. Solvay has brought the above-captioned lawsuit against OCI in this district alleging that OCI infringes the '385 patent.

25. OCI denies that it has infringed, willfully or otherwise, any valid and/or enforceable claim of the '385 patent, and, through this Counterclaim, seeks declaratory relief.

## JURISDICTION AND VENUE

26. Jurisdiction in this action is proper under 28 U.S.C. §§ 1367, 1338(a), 2201, and 2202.

27. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400.

## DECLARATORY JUDGMENT OF NONINFRINGEMENT, INVALIDITY, AND UNENFORCEABILITY OF THE '385 PATENT

28. An immediate, real, and justiciable controversy exists and is ongoing between OCI and Solvay as to whether OCI infringes any valid and enforceable claim of the '385 patent.

29. Each claim of the '385 patent is not infringed and/or is invalid.

30. OCI hereby repeats and incorporates by reference paragraphs 12-21 above.

31. Each claim of the '385 patent is unenforceable.

32. OCI requests a declaration that each claim of the '385 patent is not infringed and/or is invalid and/or is unenforceable.

**DEMAND FOR JURY TRIAL**

OCI respectfully requests trial by jury of all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, OCI respectfully requests that:

(a)   judgment on Solvay's Complaint be entered in favor of OCI, and against Solvay;

(b)   judgment on OCI's counterclaim be entered in favor of OCI, and against Solvay, declaring that each claim of the '385 patent is not infringed, is invalid, and is unenforceable;

(c)   judgment be entered in favor of OCI, and against Solvay, declaring that this is an exceptional case and awarding Solvay its attorneys' fees and costs under 35 U.S.C. § 285; and

(d)   OCI be awarded any further relief that the Court deems just and proper.

ASHBY & GEDDES

*/s/ Steven J. Balick*
_____
Steven J. Balick (I.D. # 2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888

*Attorneys for Defendant*
*OCI CHEMICAL CORPORATION*

*Of Counsel:*

William H. Baumgartner, Jr.
SIDLEY AUSTIN LLP
1 S. Dearborn Street
Chicago, Illinois 60603
(312) 853-7000

DATED: July 18, 2007

182390.1